**In re SWANSEA CONSOLIDATED RESOURCES, INC., Debtor.**

**Bankruptcy No. 90–12279.**

United States Bankruptcy Court,
D. Rhode Island.

April 22, 1991.

Barbara Harris, Gordon, Harris & O'Brien, Providence, R.I., for debtor.

Robert D. Wieck, MacAdams & Wieck Inc., Providence, R.I., for Fleet Nat. Bank.

Domenic Tudino, Providence, R.I., for N. Paul Doyle, Sheila J. Doyle and Mary P. Sisson.

Gerard M. DeCelles, Levitt, DeCelles & Associates, Providence, R.I., for unsecured creditors Elizabeth Newlin and Nicholas Jarmoszuk.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

This Chapter 11 case was filed on December 20, 1990, and the matter presently before the Court was heard on February 11, 12, 21, 22, and March 1, 1991, on the consolidated Motions of Fleet National Bank (Fleet) and of N. Paul Doyle, Sheila J. Doyle, and Mary P. Sisson (the Doyles, and collectively, the Movants) for Relief From Stay. 11 U.S.C. § 362(d).

**2**

The Chapter 11 Debtor owns approximately 300 acres of real estate co-located between the Towns of Swansea, Massachusetts and Warren, Rhode Island, and improved by an 18 hole public golf course with appurtenant facilities and structures. The Debtor purchased the property in April, 1988 for $3,100,000. Since that time the site has been operated as a golf course, but the Debtor has also pursued the formulation of several alternative plans involving the residential development of the parcel.

The amount owed to the first mortgagees (the Doyles) is approximately $2,400,-000. The balance due on Fleet's second mortgage is $1,500,000. The aggregate amount of the secured claims is $3,900,000. The Movants' joint appraisal is in the amount of $2,800,000, while the Debtor argues that the market value of the subject property is as high as $9,700,000.

### RELIEF FROM STAY

Section 362(d) provides:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have any equity in such property; and

(B) such property is not necessary to an effective reorganization.

■ On a motion for relief from stay brought pursuant to § 362(d)(2) and (g)(1), the creditor has the burden of proving lack of equity, *see In re Smithfield Estates, Inc.*, 48 B.R. 910, 913 (Bankr.D.R.I.1985). The burden then shifts to the debtor to demonstrate that the " 'collateral at issue is necessary to an effective reorganization.' " *United Sav. Ass'n v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365, 375–76, 108 S.Ct. 626, 632, 98 L.Ed.2d 740 (1988). The Debtor's burden has been in-

terpreted by the Supreme Court in *Timbers*, and argued herein by the Debtor, to mean that "there must be 'a reasonable possibility of a successful reorganization *within a reasonable time.*' " *Timbers*, 484 U.S. at 376, 108 S.Ct. at 632 (quoting *In re Timbers of Inwood Forest Assoc., Ltd.*, 808 F.2d 363, 370 (5th Cir.1987)) (emphasis added).

■ In this matter, based upon all of the evidence, and considering the totality of the circumstances, *see In re Thomas*, 121 B.R. 94, 109 (Bankr.N.D.Ala.1990), we conclude that Fleet and the Doyles have failed to meet their burden on the equity issue. It is likely, based on the entire record, and as confirmed by a view of the subject property taken by the Court on February 11, 1991, that there is substantial value in the property held as security by the movants. Although we decline to find a specific value at this juncture, the evidence indicates that the ultimate value of this property is tied to the results of the Debtor's approval and development efforts, and that therefore some reasonable opportunity, timewise, should be afforded in this regard. In the absence of any measurable progress, to date, regarding development of the property, the Debtor's appraisal of $3,400,000 as a golf course is probably incorrect, on the high side, given the present condition of the local economy. Yet, if the Debtor follows through on its plans (until now, only on paper) for the development and marketing of the property as a "golf course community" which would include the existing 18–hole course and 140 building sites, significantly greater value could undoubtedly be achieved. As guidance for the Debtor, however, its contention that the market value of the subject property as a potential residential development is $9,700,000 is pretty ludicrous, and deserves no further comment.

Although it is proposed that only development rights, not the fee simple, would be sold to individual site purchasers, we do not accept Fleet's characterization of the Debtor's development concept as something foreign to the marketplace. Indeed, planned unit developments (PUDs) typically involve

such arrangements. The Debtor has stated its intention to further those plans, and also to pursue the feasibility of various joint venture options. While any tangible progress so far has been limited, if the Debtor is successful in attracting capital infusion to the project, and obtains the necessary approvals and permits, the likelihood of reorganization will, of course, be materially improved.

At this relatively early stage of the proceeding, the Debtor has demonstrated at least a reasonable possibility of a successful reorganization, although not by a very comfortable margin (if a realistic plan is not filed shortly, we may be required to reevaluate that finding).[1] In addition, it is clear, and we so find, that the Debtor's real estate is essential to any reorganization.

■ The Movants have also asserted grounds for relief from stay under § 362(d)(1), based upon lack of adequate protection. Since the value of the subject property is dependent upon the substantive merit of Debtor's plan of reorganization, which we have yet to see, and since the Movants' have failed to demonstrate, at least thus far, that their collateral is decreasing in value so as to justify the imposition of an order for adequate protection, we decline to enter such an order at this time.

Accordingly, it is ORDERED that: (1) the Movants' request for relief from stay is DENIED, without prejudice; (2) the Debtor is ORDERED to file its Plan and Disclosure Statement by May 31, 1991.

Thereafter, at the earliest convenience of the Court and the parties, a status hearing should be scheduled.

Enter Judgment consistent with this opinion.

---

**1.** We note that the Debtor has not made payments on the first and second mortgages since December, 1989.